IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK BANKS, | |
| Plaintiff, | Civil Action No. 13-1582 |
| v. | District Judge Nora Barry Fischer |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| BEN, *U.S. Probation Officer*, CHIEF US PROBATION OFFICER, US PROBATION OFFICE WESTERN DISTRICT OF PA, and CIA OFFICE OF SCIENCE TECHNOLOGY, USA, | |
| Defendants. | |

## REPORT & RECOMMENDATION

### I. RECOMMENDATION

For the following reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00[1] filing fee.

### II. REPORT

Frederick Banks ("Plaintiff") is a federal prisoner currently confined at the Northeast Ohio Correctional Center in Youngstown, Ohio. On October 28, 2013, he initiated this action in the United States District Court for the Middle District of Pennsylvania. Along with his

---

[1] On May 1, 2013, the cost of filing a new civil case in federal court increased to $400.00. This increase includes a $50.00 administrative fee in addition to the current $350.00 filing fee. However, the $50.00 administrative fee does not apply to prisoner cases filed *in forma pauperis* under 28 U.S.C. § 1915, but if Plaintiff wishes to proceed with this matter then he is subject to the administrative fee for the reasons outlined in this Report and Recommendation.

1

Complaint he submitted for filing a Motion for Leave to Proceed *in forma pauperis*. The case was transferred to this Court on October 31, 2013, with an order stating that the disposition of the Motion for Leave to Proceed *in forma pauperis* would be left to the discretion of the transferee court.

Plaintiff alleges, *inter alia*, that Defendant "Ben," a United States Probation Officer employed in the United States Probation Office conspired with other Defendants "to concoct a fraudulent and bogus probation violation to incarcerate plaintiff Banks on nothing more but lawsuits Banks had filed against Doyle, U.S. probation and the BOP during and after incarceration in violation of the First Amendment prohibition against retaliation." (ECF No. 1.) He further alleges that the CIA influenced his probation violation hearing by using "voice to skull" technology and that because he is an American Indian his rights under the Northwest Ordinance and the Sioux Treaty of 1868 were also violated. Id. He seeks damages in the amount of one billion dollars, plus costs, fees and interest. Id.

Upon review, the Court finds that Plaintiff has had more than three civil actions that have been dismissed for failure to state a claim upon which relief may be granted while he was a prisoner. Therefore, he is unable to proceed *in forma pauperis* in this matter and this case should be dismissed pursuant to 28 U.S.C. § 1915(g), also known as the "three strikes" rule of the Prison Litigation Reform Act, until such time Plaintiff pays the full $400.00 filing fee.

The Prison Ligation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2), provides

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or

malicious; (ii) fails to stats a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The PLRA also provides for a "three strikes" rule in which leave to proceed *in forma pauperis* must be denied unless the prisoner is under imminent danger of serious physical injury. Specifically, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

We have reviewed the allegations of the Complaint in accordance with § 1915(e)(2) and have determined that Plaintiff's case should be dismissed pursuant to 28 U.S.C. § 1915(g). Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g) and court records indicate that he has had at least three prior civil actions dismissed in District Court that count as "strikes". *See* Banks v. Commonwealth of Pennsylvania, Third Circuit No. 10-1597 (Order dated April 8, 2010, and ultimately denying Plaintiff leave to appeal *in forma pauperis* because he has three strikes: Banks v. Hayward, W.D. Pa. Civ. No. 06-cv-509; Banks v. Hayward, W.D. Pa. Civ. No. 06-cv-1572; In Re: Banks, C.A. No. 06-1828)).

Furthermore, Plaintiff has not alleged that he is in any "imminent danger of serious physical injury," and therefore he does not qualify for Section 1915(g)'s exception. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted). A review of Plaintiff's allegations fails to indicate any imminent danger of serious physical injury.

It is apparent that Plaintiff has exhausted his three chances at pursuing legal remedies in federal court, and therefore, his current Complaint should be dismissed. As noted above, Plaintiff is not banned from federal court, but in order to proceed he must procure the appropriate funds or meet the exception of "imminent serious physical injury."[2] Consequently, Plaintiff is not entitled to proceed *in forma pauperis* in this action.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, Petitioner is allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: November 5, 2013.

---

[2] The Third Circuit, like many of its sister courts, has held that "imminent danger" refers to danger at the time of filing the civil action, not at the time of an alleged incident. Abdul-Akbar, 239 F.3d at 314.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Frederick Banks
05711-068
NEOCC
2240 Hubbard Road
Youngstown, OH 44505
*Via First Class Mail*